## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF  DIVISION

**JAMES LAWSON**                                                                      **PETITIONER**
**ADC # 110084**

**VS.**                          **NO. 5:06CV00152-BD**

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                              **RESPONDENT**


## MEMORANDUM OPINION AND ORDER

All parties consented to disposition of this case by a Magistrate Judge (docket entry # 17).  For the reasons that follow, Petitioner's petition for writ of habeas corpus (#1) is dismissed with prejudice.

## I.    Background:

Petitioner James Lawson was arrested and charged with possessing cocaine with intent to deliver and maintaining a drug premises.  The arrest was made after a traffic stop that was prompted by information provided to the police by Petitioner's live-in girlfriend. See *Lawson v. State*, 89 Ark. App. 77, 80-1, 200 S.W.3d 459, 464 (2004).  Petitioner moved to suppress evidence of drugs found in his vehicle and in his girlfriend's home, where he was staying.  At the suppression hearing, the officer who made the traffic stop testified that he stopped Petitioner after seeing the car Petitioner was driving cross the double yellow line and encroach into the opposite lane.  (Respondent's Exhibit A at 76-

1

77)  After Petitioner was stopped, two other officers appeared at the scene and asked Petitioner if they could search his car.  (Respondent's Exhibit A at 108)  The officers testified that Petitioner consented to a search of his car.  (Respondent's Exhibit A  at pp. 108, 150)  The officers testified they found a large quantity of crack cocaine in a plastic baggie under the front passenger seat.  (Respondent's Exhibit A at pp. 111, 150)  After discovering the crack cocaine, the officers sought and obtained a warrant to search the girlfriend's house.  The officers testified they found additional cocaine in the girlfriend's house when they executed the warrant.  (Respondent's Exhibit A at pp. 45-47)

At the suppression hearing, Petitioner's girlfriend testified on his behalf.  She stated that she had contacted the officer and complained to him about Petitioner because she and Petitioner had been fighting.  (Respondent's Exhibit A at p. 158)  She stated that she placed the baggie of crack cocaine under the seat of Petitioner's vehicle at the suggestion of one of the officers so that he would be locked up and out of her life. (Respondent's Exhibit A at p. 165)  The trial court denied Petitioner's motion to suppress because it did not find Petitioner's girlfriend to be a credible witness.

After the trial court denied the motion to suppress, Petitioner entered a conditional plea of guilty to possession of cocaine with intent to deliver and was sentenced to twenty years in the Arkansas Department of Correction ("ADC") with an additional five years suspended.  (Respondent's Exhibit A at p. 42)  The charge of maintaining a drug

premises, which was based on evidence obtained with the search warrant, was *nolle prossed*. (Respondent's Exhibit A at p. 48)

Petitioner conditioned his plea on appellate review of the trial court's order denying his motion to suppress. (Respondent's Exhibit A at pp. 40-41) On appeal, Petitioner argued: (1) police conducted an illegal pretextual stop; (2) police engaged in outrageous conduct; and (3) the circuit judge was misled when he issued the warrant to search the house. The Arkansas Court of Appeals affirmed the trial court's order denying Petitioner's motion to suppress. See *Lawson v. State*, 89 Ark. App. 77, 84, 200 S.W.3d 459, 464 (2004).

Petitioner filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37 alleging ineffective assistance of counsel. (#2 at p. 100) The circuit court denied Petitioner's Rule 37 petition. (#2 at pp. 108-09) Petitioner appealed from the circuit court's order, but the appeal was dismissed after Petitioner failed to lodge the appellate record within ninety days, as required by Arkansas Rule of Appellate Procedure - Criminal 4(a). *Lawson v. State*, No. CR 06-212, 2006 WL 880269 at *1 (April 6, 2006). Petitioner filed a motion for rule on the clerk with the Arkansas Supreme Court seeking permission to file a belated record. The motion was denied. *Id*. at *2.

Petitioner raises the same arguments in this petition that he raised with the Court of Appeals but adds an additional argument that there was insufficient evidence to support the conviction. Respondent argues that Petitioner's argument that evidence should have

been suppressed because the traffic stop was pretextual is procedurally barred because it was not raised by Petitioner as a federal constitutional claim in the state courts. Alternatively, Respondent argues that both of Petitioner's Fourth Amendment arguments are barred by the United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465.  Respondent also asserts that Petitioner's argument regarding the search warrant is moot and that his sufficiency of the evidence argument is procedurally barred.

## II.    <u>Fourth Amendment</u>:

Respondent argues that Petitioner's Fourth Amendment claim, *i.e.*, that the trial court should have granted his motion to suppress the evidence police found when searching his car, is procedurally barred because the Petitioner relied on a state rule of criminal procedure and cases interpreting the Arkansas Constitution, and not the Fourth Amendment, in presenting his argument to suppress to the state courts.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving the state courts an opportunity to pass upon and correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004); see 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court."  *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

In this case, Petitioner fairly presented his Fourth Amendment claim to the state courts. Appellant's main argument in his direct appeal to the Arkansas Court of Appeals was that the trial court erred in denying his motion to suppress because the traffic stop was a pretext for a search and arrest. *Id*. at 82. In his brief, Petitioner discussed at length an Arkansas Supreme Court case which discussed a United States Supreme Court, Fourth Amendment case. See *State v. Sullivan*, 348 Ark. 647, 74 S.W.3d 215 (2002) (citing *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769 (1996)). Petitioner argued that, under *Sullivan*, the issue was whether he would have been arrested but-for the pretextual stop, search and seizure. *Id*. The Court of Appeals acknowledged that Petitioner presented a Fourth Amendment claim. *Lawson*, 89 Ark. App. at 82. The Court held that, "a pretextual *stop* does not violate federal constitutional law or the Arkansas Constitution" and the trial court did not err in denying the motion to suppress. *Id*. (citing *Ohio v. Robinette*, 519 U.S. 33, 117 S.Ct. 417 (1996); *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996); *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003)) Accordingly, Petitioner's Fourth Amendment claim is not procedurally defaulted.

Alternatively, Respondent contends that Petitioner's Fourth Amendment argument is barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976). In *Stone v. Powell*, the United States Supreme Court held that, where a state prisoner has been afforded "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The Eighth Circuit, in *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc), set out a two-part test to determine whether an opportunity to litigate a Fourth Amendment claim in state court was "full and fair." A state court Fourth Amendment claim is fully and fairly litigated, and thus barred from federal habeas review, unless: (1) the state provided no procedure by which the petitioner could raise his or her Fourth Amendment claim, or (2) the petitioner was foreclosed from using that procedure because of an unconscionable breakdown in the system. *Id.*

When reviewing a Fourth Amendment claim, a federal habeas court is not required to conduct a hearing. *Id.* at 1270-71. Additionally, the reviewing court should abstain from review of the state court records to determine whether the state court's factual findings are supported by the record. *Id.* at 1270. The Fourth Amendment claim may be barred even where the state court erred in deciding the legal merits of the claim. *Id.* at 1268; see also *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).

In this case, Petitioner, represented by counsel, raised his Fourth Amendment claim with the trial court through a pretrial motion to suppress. The trial court held an evidentiary hearing on the motion to suppress, and the Petitioner was given the opportunity to present witnesses and make arguments. (Respondent's Exhibit A) The trial court ruled on the merits of Petitioner's Fourth Amendment claim, and Petitioner

appealed that ruling in his direct appeal to the Arkansas Court of Appeals.[1]  *Lawson*, 89

Ark. App. at 82.  The Court of Appeals reviewed the trial court's ruling and affirmed.  *Id.*

at 84-85.  Arkansas provided a procedure by which the Petitioner could raise his Fourth

Amendment claim, and he used that procedure.  Consequently, this Court cannot review

Petitioner's "illegal pretextual stop" claim.  *Stone*, 428 U.S. at 494.

## III.   **Due Process**:

As his second ground for relief, Petitioner argues that the conduct of the officers in

conspiring with his girlfriend to "frame" him "is repugnant to the principles of

fundamental fairness created and maintained by the Fifth and Fourteenth Amendments to

the U.S. Constitution."  (#2 at p. 7)  Respondent counters that the state courts reasonably

adjudicated this claim.

"When a claim has been adjudicated on the merits in state court, habeas relief is

warranted only if the state court proceeding resulted in: (1) a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court; or (2) a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28

---

[1]Ordinarily, a guilty plea waives a Fourth Amendment claim based on an allegedly illegal search and seizure.  *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (waiver includes claims regarding search and seizure), cert. denied, 493 U.S. 869 (1989). In Arkansas, however, a defendant may enter a conditional guilty plea, preserving his right to appeal the denial of a pre-trial motion to suppress.  Ark. R. Civ. P. 24.3(b).

U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006)).

Petitioner makes the same due process claim in this petition that he made to the Arkansas Court of Appeals.  The Court of Appeals addressed Petitioner's argument that the officers had reason to believe that his vehicle contained drugs only because they had conspired with his girlfriend to plant the drugs.  Petitioner argued prosecution under these circumstances violated his due process rights.  The Court held that whether to believe Petitioner's girlfriend's testimony that officers encouraged her to plant the drugs or to believe the officers' testimony that Petitioner's girlfriend merely provided information that Petitioner would be delivering the drugs the next day was a credibility issue to be determined by the trial court.  *Lawson*, 89 Ark. App. at 85.  Accordingly, the Court of Appeals held that Petitioner's argument was "foreclosed by the trial court's credibility finding[]" that Petitioner's girlfriend was not a credible witness at trial.  *Id*.

The Court of Appeals' decision is not an unreasonable application of federal law. There was evidence in the record to support the Court of Appeals' decision and the trial court's factual findings.  Accordingly, Petitioner is not entitled to habeas relief on his due process claim.

**IV.**   **<u>Search Warrant</u>**:

Petitioner argues that the circuit judge who issued the warrant to search his girlfriend's house was misled because the affidavit and testimony submitted in support of the search warrant contained false statements and material omissions.  The Court of Appeals found this argument to be moot because the charges related to evidence found in

9

the house pursuant to the search warrant were *nolle prossed*.  The Court of Appeals

concluded that a judgment on the validity of the warrant would have no effect on

Petitioner.

Under the "case-or-controversy" requirement in Article III, § 2, of the United

States Constitution, "[t]he parties must continue to have a personal stake in the outcome

of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-478, 110 S.Ct. 1249,

1254 (1990).  This means that, throughout the litigation, the plaintiff "must have suffered,

or be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision." *Id*. at 477.  In this case, Petitioner was not

convicted or sentenced on any charges related to evidence found pursuant to the search

warrant.  All charges related to that evidence were *nolle prossed*.  Petitioner has not

suffered injury related to the allegedly invalid warrant and cannot allege that he will

suffer any adverse consequences related to the search in the future. Accordingly,

Petitioner's search warrant claim is moot.

**V.**      **Sufficiency of the Evidence**:

Finally, Petitioner argues there is insufficient evidence to support his conviction.

Respondent contends Petitioner procedurally defaulted this argument because he did not

raise a sufficiency of the evidence claim with the state courts.

Habeas relief is available to a petitioner after he or she "has exhausted the

remedies available in the courts of the State."  28 U.S.C. § 2254 (b)(1)(A).  In order to

exhaust, the petitioner must "use the State's established appellate review procedures."

*Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526

U.S. 838, 845, 119 S.Ct. 1728 (1999)).  This requires state prisoners to "give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

       In this case, Petitioner entered a conditional plea of guilty reserving only the right

to appeal an adverse determination on his pretrial motion to suppress evidence.

Accordingly, Plaintiff could not bring a sufficiency of the evidence claim on direct

appeal.  See ARK. R. APP. P. CRIM. 1(a); see also *Frette v. City of Springdale*, 331 Ark.

103, 107-08, 959 S.W.2d 734, 736 (1998) (court could not reach the merits of appellant's

sufficiency of the evidence claim because appellant waived his right to appeal on this

ground when he entered a conditional guilty plea under Ark. R. Crim. P. 24.3(b)).

       Petitioner filed a petition for post-conviction relief with the circuit court under

Arkansas Rule of Criminal Procedure 37.  The only issue Petitioner raised in the petition,

however, was ineffective assistance of counsel.  The circuit court denied Petitioner relief,

and Petitioner appealed from the circuit court's order.  The appeal, however, was

dismissed after Petitioner failed to lodge the appellate record within ninety days as

required by Arkansas Rule of Appellate Procedure - Criminal 4(a).  Petitioner sought

permission from the clerk of the Arkansas Supreme Court to file a belated record,

however, the motion was denied. *Lawson v. State*, No. CR 06-212, 2006 WL 880269

(April 6, 2006).

Petitioner has not raised, and now cannot raise, a sufficiency of the evidence claim

in the state courts.  Accordingly, Petitioner's claim is procedurally defaulted unless he can

establish "cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565

(1991).

      A.    *Cause for Default and Prejudice*

The cause and prejudice standard applies to procedural defaults on appeal as well

as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986).  Under this

standard, a petitioner must establish cause by showing that some objective factor external

to the defense impeded his efforts to comply with the State's procedural rule. *Murray*,

477 U.S. at 488.

Petitioner claims that the circuit court and the Arkansas Supreme Court prevented

him from complying with the State's procedural rules, because, even though he was

proceeding *in forma pauperis* on appeal of the circuit court's denial of his Rule 37

petition, the courts refused to provide him with a free transcript of the proceedings in

order for him to perfect his appeal.  The Eighth Circuit Court of Appeals has held that a

state can constitutionally deny an indigent prisoner a free trial transcript unless the

petitioner can show that the issues on appeal are not frivolous and that the transcript is required to decide the issues.  See *Smith v. Lockhart*, 882 F.2d 331 (8th Cir. 1989); *United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979).  In this case, Petitioner has not demonstrated that he made such a showing to the state courts.  Thus, the state courts' failure to provide a transcript is not "interference by officials" sufficient to constitute "cause" for Petitioner's procedural default.

Petitioner also argues that counsel was ineffective for failing to raise an entrapment argument at the suppression hearing and this failure caused his default. Ineffective assistance of counsel which prevents the petitioner from raising a claim in state court is "cause" for a procedural default under *Murray*, 477 U.S. at 488.  The exhaustion doctrine requires that a petitioner present an ineffective assistance claim in state court, as an independent claim, before he uses it in a federal habeas court to establish "cause" for his state procedural default.  *Id*. at 489.  In this case, Petitioner raised an ineffective assistance of counsel claim with the trial court in his petition for post-conviction relief under Rule 37.  The circuit court, however, rejected the claim. Petitioner failed to perfect an appeal from the circuit court's order.  Consequently, Petitioner has not successfully established ineffective assistance of his trial counsel, and has not fully exhausted his ineffective assistance of counsel claim in order to establish cause for his procedural default.  *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003).

Because Petitioner has not established cause for his failure to raise the sufficiency of the evidence claim with the state courts, it is not necessary to reach the question of prejudice.

B.    *Miscarriage of Justice*

Petitioner may also overcome procedural default by showing that failure to hear his Petition would result in a miscarriage of justice.  To establish a miscarriage of justice, Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996).  Petitioner claims innocence but does not offer any *new* evidence that would support a finding of actual innocence.  Consequently, Petitioner has not established miscarriage of justice, and his sufficiency of the evidence claim is procedurally barred.

**VI.    Conclusion**:

For the foregoing reasons, Petitioner's petition for writ of habeas corpus (#1) is dismissed with prejudice.

IT IS SO ORDERED this 16th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE